The Honorable Edward F. Thicksten P.O. Box 327 Alma, AR 72921
Dear Representative Thicksten:
This is in response to your request for an opinion concerning the recordation of deeds. Specifically, you have posed three questions which are as follows:
 1) Does Arkansas Code 26-26-709(a) conflict with Arkansas Code 14-15-403, which states that an instrument of conveyance must contain the name and address of the person preparing it, before it may be recorded? If so, which section controls?
 2) Must a deed contain a `general description of improvement' as contemplated by Arkansas Code 26-26-709(a)?
 3) Is a county recorder prohibited from recording a deed prior to obtaining from the person tendering the instrument a `general description of improvements?'
In my opinion, the answer to all three of your questions is "no."
In response to your first question, I perceive no conflict between A.C.A. 14-15-403 and 26-26-709. The former provision provides in pertinent part:
 (a) No instrument by which the title to real estate or personal property, or any interest therein, or lien thereon, is conveyed, created, encumbered, assigned, or otherwise affected or disposed of shall be received for record or filing by the recorder unless:
 (1) The name and address of the person who, and the governmental agency, if any, which, prepared the instrument appears on the face of the first page thereof. . . .
The second provision, 26-26-709(a), states:
 When an instrument for the conveyance of real estate, save mortgages and deed of trust, is tendered to the county recorder for recording, that official shall obtain from the person tendering the instrument the names of the grantor and the grantee and the address of the grantor and the address to which the grantee wants future tax statements mailed and a general description of the improvements, if any, located on the realty. Thereafter, it is the duty of the recorder to prepare immediately in duplicate a written statement setting out this information. . . .
The two above-quoted provisions simply do not conflict. The former requires the recorder not to record instruments unless the preparer is clearly designated. The latter makes it the duty of the recorder to obtain certain other information for tax purposes. Both statutes can be complied with simultaneously.
In response to your second question, there is no Arkansas statutory or common law requirement that a deed contain a description of improvements on the realty. The deed must only contain the names of the parties, the signature of the grantor, operative words of conveyance, and describe the land to be conveyed with sufficient accuracy to identify it. Gibson v. Pickett, 256 Ark. 1035, 512 S.W.2d 532 (1974).
The answer to your third question is also "no". While it appears that under Arkansas law, deeds may not be recorded unless the name of the preparer appears thereon, (A.C.A. 14-15-403), and unless they have been acknowledged, (A.C.A. 18-12-201), recording of a deed is not conditioned upon the recorder's receipt of tax information under 26-26-709(a), although it is his or her duty by law to obtain the information.
The Attorney General is required under A.C.A. 25-16-706 to provide his opinion to the General Assembly on the constitutionality of any proposed bill. He is precluded, however, from engaging in the private practice of law. A.C.A. 25-16-701. Therefore, this opinion is not provided for the benefit of private third parties and should not be relied upon or offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.